APPEARANCES:
REPRESENTING THE PLAINTIFF.
CHRISTINE BAZATA, ESQUIRE
REPRESENTING THE DEFENDANT.
DAVID L. WEISS, ESQUIRE
THE COURT: The Court has heard the evidence in this case. The evidence establishes that in January of 1995, the plaintiff purchased certain supplies and sent them by a carrier to New Haven, Connecticut. The ultimate destination was a Turkish ship called Nil. The evidence further shows that in New Haven a manifest for the receipt of these goods was signed by Richard Smith, who is a Vice President of the defendant, Gateway Terminal. The Court can make no other findings of fact. No evidence — no competent evidence has been presented to tell the Court what happened to the goods thereafter. The Court specifically has no idea whether they were or were not received by the ship Nil. The plaintiff's theory of the case is, that by signing the manifest, the defendant through its Vice President, made an implied representation that the goods would be delivered, and as I understand it, further made an implied representation that it would in some way be liable for these goods and pay for these goods. I do not doubt that under some circumstances liability can attach in these circumstances if it was established CT Page 3527 by competent evidence that the defendant did not deliver the goods to the ship Nil, and beyond that, did not make any good-faith effort to deliver the goods to the ship Nil. There might be a cause of action here, not necessarily the one that the plaintiff has identified, but perhaps one for interference or for unjust enrichment, but I do not even have that factual basis. I have no idea what happened to the goods. I can only speculate as to whether; A, the ship Nil did or did not receive the goods; and B, if hypothetically the ship Nil did not receive the goods, whether that was due to some fault on the part of the ship Nil of ignoring communications from Gateway that the package was there, or whether this was due to some malfeasance on Gateway's part. All this under the circumstances must remain in the realm of speculation. Given this, the plaintiff cannot recover because judgment cannot rest on speculation. Under these circumstances, the plaintiff has failed to meet its burden of proof by a fair preponderance of the evidence, and the judgment must enter for the defendant.
* * *
JON C. BLUE, JUDGE